Robert McGhee
vs.          }No. 57440
C. Johnson et al.

Charles Johnson et al.
vs.          }No. 57510
Robert McGhee

February 2, 1926

BAKER, J. Heard jury trial waived.

These are two actions at law tried together because they arise from the same set of facts.

The testimony shows that Robert McGhee is a general contractor and had taken a contract for the erection of a large dwelling house with upwards of twenty rooms, together with a garage, at Narragansett Pier. C. & H. Johnson, painters, were subcontractors. They filed a written bid under the date of April 9, 1921, to do the painting on the above contract, according to the plans and specifications, for the sum of $2400. It further appeared that the work under the contract progressed for some time, until March 15, 1923, when on that date C. & H. Johnson sent a letter to Mr. McGhee, stating that if they were to continue with the painting work it would only be on the understanding that after that date they be paid for stock and time and expenses, otherwise they would have to

discontinue the work. Thereafter, Mr. McGhee employed the Thomas O'Garr Company to complete the painting, the work being finished about the middle of July, 1923.

The declaration in the case of C. & H. Johnson vs. Robert McGhee is on the common counts and an additional count, setting out in substance that by reason of changes and unreasonable delay the defendant prevented the Johnsons from completing their contract and that the latter were justified in refusing to go on with the work. In support of their contention, C. & H. Johnson claim that the time for finishing the house in question was unreasonable and that, therefore, they were unable to complete their work profitably and expeditiously.

The facts show that by the contract between the owner and Mr. McGhee, the latter had practically two years in which to complete his work. Taking into consideration the fact that the house was located at Narragansett Pier, which is chiefly a summer resort, and that the contract was a fairly large one, being upwards of $75,000, it does not seem to the Court that the period of two years in unreasonable. In any event, this was the time agreed upon by the parties and the Court can not see that C. & H. Johnson can contend that this fact would justify them in refusing to go on with the work. Apparently they made no attempt to find out how much time Mr. McGhee had to complete his work. Also, they worked up to March 1923 without raising this question.

While it does appear that the date of May 1, 1922, is mentioned on page one of the specifications proper as the time for completing the work, it would seem that the date mentioned in the contract must supersede this. Further, it seems clear to the Court that C. & H. Johnson must have known that the work would not be completed by May 1, 1922.

In regard to the matter of changes made by Mr. McGhee as the work progressed and the fact that these changes hindered and hampered C. & H. Johnson from performing their sub-contract relating to painting, an examination of the evidence, in the judgment of the Court, shows clearly that this claim is unfounded. While, undoubedly there were some changes, as is customary and to be expected in a large contract as the work progressed, the Court finds nothing in the evidence which would warrant the Johnsons in contending that such changes would justify them in refusing to complete their contract. Their testimony on this point lacks definiteness.

They claim that they are entitled under the common counts to recover for the value of the materials furnished and the work done, and they claim that after making due allowance to Mr. McGhee for the $1000 which he paid them that the balance in their favor amounts to $2,852.71.

In the opinion of the Court, this claim can not be substantiated either on the facts as shown by the testimony or according to law, and in the case of C. & H. Johnson vs. Robert McGhee, the Court finds for the defendant.

In the case of Robert MsGhee vs. C. & H. Johnson, the declaration is on the common counts together with a count for damages for breach of contract. Mr. McGhee claims that C. & H. Johnson refused to complete the work because of the fact that their bid was so low that they found the venture was a losing one.

The testimony in the case would rather tend to support this contention. In their letter of March 15, 1923, C. & H. Johnson say: "We are losing money on this job and you can not expect us to continue this work under these conditions."

An examination of their bill of particulars as filed would also tend to this belief.

The Court finds that on all the evidence in the case the Johnsons wrongfully refused to complete their contract, thereby committing a breach of the same, and that Mr. McGhee was justified under the circumstances in getting the work completed as best he could. In the case of Robert McGhee vs. C. & H. Johnson, the Court believes that the verdict should be for the plaintiff, the chief question being as to the proper amount of damages.

The contract of the Johnsons was for $2400. In addition it is admitted that there was due them for extra work in the garage $315, and for certain glazing the sum of $156.15, making $2871.15. On this sum $1000 was paid them, leaving $1871.15.

There is a dispute in the testimony as to the allowance of $300 for work which was omitted on the third floor of the house. The original specifications were put out in March, 1921. Later, on June 1, 1921, prior to the signing of the contract which was on June 8, 1921, certain addenda were attached to the specifications which provided that there would be no finish in the third story floor except in certain particulars. Mr. McGhee claims that by reason of these changes, the Johnsons agreed to make an allowance of $300 on their contract. He claims that at first this arrangement was made between Mr. Sheldon, the architect, and Mr. Charles Johnson, and, thereafter, that he himself verified it by a conversation over the telephone, with Mr. Charles Johnson. Mr. Herman Johnson denies knowing anything about the matter and claims that the allowance should not be given. Neither Mr. Sheldon nor Mr. Charles Johnson testified. From a statement it would appear that Mr. Sheldon is not in

good health. No reason whatever was given for the non-appearance of Mr. Charles Johnson.

On all the testimony in the case, and taking the probabilities of the situation into consideration, the Court believes that Mr. McGhee has satisfactorily proved by a fair preponderance of the evidence that he is entitled to the allowance of $300 by reason of certain work being omitted on the third floor of the house, and the Court so finds. That being so, the balance due the Johnsons, if they had completed their work would be $1571.15.

The bill of the Thomas O'Garr Company amounted to $2612.04. Both Mr. O'Garr and Mr. McGhee testified this was paid in full. The Johnsons raise some question as to this by reason of the fact that, while certain checks have been produced, the checks do not entirely cover this amount. Mr. McGhee testifies, however, that he has been unable to find all his checks but that he is positive the entire bill was paid.

On the testimony, while perhaps a certain doubt is raised by the Johnsons, the Court finds on the whole that the bill has been paid in its entirety. This being so, the amount of Mr. McGhee's claim against the Johnsons is the difference between $2612.04 and $1571.15, viz: $1040.89.

There remain two matters to consider. The Johnsons claim that by reason of changes made as the work progresed, they had to do over certain painting which they had already done according to the plans and specifications. They refer in particular to touching up or painting on the outside of the house after they had completed their work and after Mr. McGhee had moved the blinds. They also refer to changes in the interior woodwork of the house which required them to do over some work and also to the relaying of a certain floor.

. A careful consideration of all the testimony in the case leads the Court to believe that there is some foundation for the claim of the Johnsons in this connection. The Court feels that there should be made some fair and reasonable allowance for this extra work which they were obliged to do.

Further, the evidence shows that the Johnsons did their last work in the ' house in October, 1922. Not much more was done until the next spring, in March, when the Johnsons refused to go on with their work. They claim that when they left the job in October 1922, they had practically finished the exterior of the house and that in the interior only the finishing coats had to be put on. Mr. Herman Johnson testifies that, in his opinion, the work could have been finished according to the plans and specifications for the sum of $600. One of his witnesses testifies that it could have been completed for between four and five hundred dollars. There is a conflict in the testimony on this point. Mr. McGhee's witnesses testified that considerable work was still undone, when they went there in the spring of 1923. An examination of the testimony rather inclines the Court to believe that in doing work in the spring of 1923, Mr. O'Garr did more in some instances than the plans and specifications called for; and also did over work which Mr. Johnson had done properly but which, by reason of the fact that no work of any consequence had been done on the house during the winter of 1922, had to be done over.

The elder Mr. O'Garr testified that he merely did the work which he was ordered by the architect to do, regardless of the plans and specifications. The younger Mr. O'Garr testified that in some places in the interior of the house they put four coats of paint, not counting the coat of enamel finish. An examination of the specifications shows that apparently they called for three coats of enamel. The Court thinks that the painting done by Mr. O'Garr on the gates and on the steel shutters in the garage was not due to any defective work on the part of the Johnsons but because of the fact that the winter period had made it necessary to do this work again. In other words, in the opinion of the Court there was work done by Mr. O'Garr which can not properly be charged up to the Johnsons. It clearly appears from the evidence that their work was satisfactory and was passed by the architect as far as it went, with the possible exception of a floor in the garage.

The Court has come to the conclusion, therefore, that Mr. McGhee is not entitled to the full amount of damages which he claims, but that a fair and reasonable allowance on the evidence should be made the Johnsons for the work they were compelled to do over by reason of changes made by Mr. McGhee and also because Mr. O'Garr, in completing the painting, did work which the Johnsons had already done and also work which was not called for in the specifications.

After considering the matter carefully, the Court has come to the conclusion that damages of $750, with interest, awarded to Mr. McGhee will do substantial justice between the parties.

In the case of Charles Johnson et al. vs. Robert McGhee, the Court finds for the defendant.

In the case of Robert McGhee vs. C Johnson et al., the Court finds for the plaintiff in the sum of $750 with interest at the rate of 6% per annum from the 28th day of July, 1923, the date of the writ.

For Robert McGhee: Huddy, Emerson & Moulton:

For C. Johnson et al: Curran & Clason.